JOHN F. GALLOP, Respondent, v. THE ROYAL NEIGHBORS OF AMERICA, Appellant.

Kansas City Court of Appeals, November 11, 1912.

1. **FRATERNAL BENEFICIARY ASSOCIATIONS: Contract: By-laws.** A stipulation in the by-laws of a fraternal beneficiary association that liability shall not attach until manual delivery of the certificate while the member—a married woman—was not pregnant, is binding, and one the parties are entitled to make.

2. **————: Contract: Terms.** Parties to a contract of insurance have the undoubted right to agree on the terms of their contract and to declare when and under what circumstances the contract shall go into effect.

Appeal from Holt Circuit Court.—*Hon. Wm. C. Ellison,* Judge.

REVERSED.

*E. A. Enright* and *Frank Petree* for appellant.

The application, by express agreement makes the by-laws a part of the contract of insurance, and such by-laws are binding upon both parties to the benefit certificate. Lloyd v. M. W. A., 113 Mo. App. 19; Mc-Lendon v. W. O. W., 64 S. W. 36. The competency of parties to themselves arrange the terms and conditions of the contract and to expressly determine and declare when it shall become operative cannot be questioned. Misselhorn v. Life Assn., 30 Mo. App. 600. It is the duty of courts to construe insurance contracts as they find them, even though it may practically nullify the policy. Carr v. Pac. Mut. Life Ins. Co., 100 Mo. App. 602. Courts will enforce all reasonable laws and rules established by benevolent organizations for their guidance and the regulation of their relief funds if in conformity with the laws of the state.

Whitmore v. Knights and Ladies of Honor, 100 Mo. 36; Coleman v. Knights of Honor, 18 Mo. App. 189. The delivery of the certificate to the deceased, by the recorder of the local camp, while the deceased was pregnant, being in violation of the terms of the application and of the by-laws of the society, the delivery was not binding on the society and the certificate never became operative. Lloyd v. M. W. A., 113 Mo. App. 19; Wilcox v. M. W. A., 76 Mo. App. 573; Hiatt v. Fraternal Home, 99 Mo. App. 105; M. W. A. v. Owens, 130 S. W. 858; Ins. Co. v. Betz, 99 S. W. 1140; McLendon v. W. O. W., 64 S. W. 36; M. W. A. v. Tevis, 117 Fed. 369; Gravis v. M. W. A., 89 N. W. 6; Lathrop v. M. W. A., 106 Pac. 328; Knights and Ladies of Honor v. Payne, 110 S. W. 523. The answer of deceased in her application that she was not pregnant was a warranty which continued until the benefit certificate was delivered to her, and the fact that she was pregnant when the certificate was delivered was a breach of the warranty, and avoided the certificate. M. W. A. v. Owens, supra; Cable v. N. S. L. I. Co., 111 Fed. 19; Thompson v. Travelers Ins. Co., 91 N. W. 75; K. & L. of H. v. Payne, supra.

*Stokes & Stokes* for respondent.

JOHNSON, J.—This is an action on a fraternal beneficiary certificate. The principal defense is that there was no delivery of the certificate in accordance with the provisions and restrictions of the contract and, therefore, that defendant did not become bound to pay the indemnity provided by the terms of the certificate. The cause was tried without a jury—a jury being waived by the parties—and was submitted on an agreed statement of facts. Judgment was rendered for plaintiff and defendant appealed.

The admitted facts in the case thus may be summarized. Defendant is a fraternal beneficiary society

incorporated in Illinois and authorized to transact business in this state. It had a local lodge at Craig, Missouri, and on November 14, 1910, the wife of plaintiff made written application for membership in that lodge and for the benefit certificate in question. This society accepts married women as members and issues death benefit certificates to them under certain restrictions prescribed in its by-laws. One of these by-laws is as follows:

"The liability of this society on any benefit certificate issued by it shall not begin until such certificate shall have been countersigned by the oracle and recorder of the local camp and actual manual possession be delivered to the member applying therefor, on payment of an advance assessment to the local recorder, and while said member is in sound health, and, if a woman, not pregnant; and no officer or camp of this society is authorized or permitted to waive any of the laws of this society which relate to the substance of the contract of indemnity."

In her application, Mrs. Gallop stated: "I further understand and agree that the laws of this society now in force or hereafter enacted, enter into and become a part of every contract of indemnity by and between the member and the society . . . waive for myself and beneficiaries all claim of benefits under this application . . . until any certificate which shall be issued to me in pursuance of this application shall be delivered to me after adoption while in sound health and in pursuance of the by-laws of this society." At the time of her application Mrs. Gallop was not pregnant but at the time of the manual delivery of the certificate to her by the recorder of the local camp, December 17, 1910, she was pregnant, but this fact was not known to her at that time nor to defendant until proofs of death were filed. Mrs. Gallop died January 8, 1911, from the effects of a miscarriage.

At the time of her death she had paid dues, assessments, etc., to defendant in the sum of six dollars and thirty cents which defendant immediately tendered to plaintiff and has since kept the tender good. The benefit certificate expressly made the by-laws (including the one quoted) a part of the contract of indemnity.

There was no issue of forfeiture in this case. If the contract of indemnity ever was in force it was in force at the time of the death of the member since it is conceded she did nothing in violation of the terms of the contract after the manual delivery of the certificate to her. Nor is there any ground on which a waiver of any of the stipulations of the contract might be predicated. Neither the member nor any of the officers or agents of defendant had knowledge, at the time of the manual delivery, of the existence of the fact which defendant insists prevented the creation of a liability for indemnity and since defendant promptly tendered back the sum paid by the member in dues and assessments as soon as it received information of the fact in question, it cannot be said to have waived any of the terms and conditions of the contract.

The sole questions for decision, therefore, are these: Was the stipulation against pregnancy one the parties lawfully might insert in their contract? And if this question be answered in the affirmative the question arises of the effect on the proposed contract of indemnity of the existence of the interdicted event at the time of the manual delivery of the contract.

The rule is well settled that where an application for insurance in a fraternal beneficiary society expressly recites that the by-laws of the society are a part of the contract, such by-laws are binding on the parties. [Loyd v. M. W. A., 113 Mo. App. 19; McLendon v. W. O. W., 64 S. W. (Tenn.) 36.]

Parties to a contract of insurance have the undoubted right to agree on the terms of their contract

and to declare when and under what conditions the contract shall go into effect. [Misselhorn v. Life Assn., 30 Mo. App. 1. c. 600.] As is well said in the case of M. W. A. v. Owens, 130 S. W. (Texas) 1. c. 862: "It is true that a binding contract of insurance may be made by the making and acceptance of a proposition without the issuance of a policy, the policy not being the contract, but only the written statement thereof; but it is also true that 'the competency of the parties to expressly stipulate when it (the insurance contract) shall become operative cannot be questioned."

And where the parties agree in the application that the contract of indemnity shall not take effect until the delivery of the policy at a certain time and under certain specified conditions, such agreement will be enforced if it is one the parties lawfully could make. Thus in the case from which we have just quoted, a provision that the member must be in good health at the time of the delivery of the certificate was held valid and the company was held not liable since the proof showed that the member was ill of typhoid fever at that time.

We think the stipulation in the by-law that the liability of defendant should not attach until the manual delivery of the certificate while the member—a married woman—was not pregnant was a lawful agreement tne parties were entitled to make. The writer thinks that a stipulation forbidding pregnancy during the life of the contract on pain of forfeiture would have been *contra bonos mores* and nonenforceable, but unquestionably defendant had a right as an insurer to select its risks and to declare that it would not issue a policy to a married woman during pregnancy.

The physical state the contract was intended to have existent at the time it became effective as a contract of indemnity was in the nature of a condition

precedent. [Loyd v. M. W. A., supra; Wilcox v. M. W. A., 76 Mo. App. 573; Hiatt v. Fraternal Home, 99 Mo. App. 105; M. W. A. v. Owens, supra; Insurance Co. v. Betz. 99 S. W. (Tex.) 1140; McLendon v. W. O. W. supra; M. W. A. v. Tevis, 117 Fed. 369; Graves v. M. W. A., 89 N. W. (Minn.) 6; Lathrop v. M. W. A., 106 Pac. (Ore.) 328; Knights & Ladies of Honor v. Payne, 110 S. W. (Tex.) 523.]   And since that condition had failed before the delivery of the certificate it must follow that the contract at no time came into being.

The judgment is reversed.   All concur.