AMERICAN NAT. INS. CO. v. ANDERSON et al. (No. 6930.)

(Court of Civil Appeals of Texas. Galveston. June 9, 1915. Rehearing Denied Oct. 7, 1915.)

1. INSURANCE ☞291—WARRANTY—HEALTH.
Under a life insurance policy providing that the insurer assumed no obligation prior to its date nor unless insured should be in sound health on the date of its delivery, the fact that insured was not in sound health at its delivery would constitute a good defense to an action thereon.
[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 681–690, 694–696; Dec. Dig. ☞291.]

2. APPEAL AND ERROR ☞173—REVIEW—THEORY OF CASE.
In an action on a policy of life insurance, the insurer, who did not set up in the trial court a provision of the policy that it assumed no obligation unless insured was in good health at its delivery, could not urge the defense for the first time in the appellate court.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1079–1089, 1091–1093, 1095–1098; Dec. Dig. ☞173.]

3. INSURANCE ☞265—CONSTRUCTION—WARRANTY.
Under a policy providing, as required by Rev. St. 1911, art. 4741, subd. 4, that statements in the application, in the absence of fraud, should be representations, and not warranties, a statement as to a material matter fraudulently made would be construed as a warranty.
[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 560; Dec. Dig. ☞265.]

4. INSURANCE ☞265 — "WARRANTY" — DISTINGUISHED FROM "REPRESENTATION."
A "warranty" enters into and forms a part of the contract itself, defining the limits of the obligation beyond which no liability arises; a "representation," made before or at the time of the contract, presents the elements on which the risk to be assumed is to be estimated, and does not necessarily merge in, or become waived by, the subsequent contract.
[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 560; Dec. Dig. ☞265.
For other definitions, see Words and Phrases, First and Second Series, Representation; Warranty.]

5. INSURANCE ☞256—MISREPRESENTATIONS—MATERIALITY.
To avoid a policy for misrepresentation, the false statement must have been made willfully and with the intent to deceive, and must have been relied upon by the insurer; and a misrepresentation made innocently and in the belief of its truth will not avoid the policy.
[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 540, 549; Dec. Dig. ☞256.]

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes ·

**6. INSURANCE ⚫═291 — LIFE INSURANCE — MISREPRESENTATION—MATERIALITY AND EFFECT.**

Rev. St. 1911, art. 4741, subd. 4, requires all life policies to provide that statements by the insured in his application, in the absence of fraud, shall be deemed representations, and not warranties, and article 4947 provides that any provision in any policy that false statements in the application or contract shall render it void shall be ineffective and no defense, unless the misrepresentation was material to the risk or contributed to the contingency on which the policy became payable. Insured, a 16 year old schoolboy, who had been treated by a physician and told that he had tuberculosis, but not told what tuberculosis was, stated that he had not had consumption, from which disease he died a few months after issuance of the policy. *Held*, that the misrepresentation was not excused by any ignorance as to what the disease was, that it was material to the risk, and a defense to an action on the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 681–690, 694–696; Dec. Dig. ⚫═ 291.]

Appeal from Galveston County Court; George E. Mann, Judge.

Action by Jane Anderson and husband against the American National Insurance Company. Judgment for plaintiffs, and defendant appeals. Reversed, and judgment rendered for defendant.

Wilson & Webb and Williams & Neethe, all of Galveston, for appellant. O. S. York, of Galveston, for appellees.

McMEANS, J. Jane Anderson, joined by her husband, John Anderson, brought this suit in the justice court of Galveston county against the American National Insurance Company to recover $147 which she alleged to be due her as beneficiary in an insurance policy issued by defendant on the life of Leon Anderson, her son. A trial resulted in a judgment for plaintiff for the amount sued for. Defendant appealed to the county court, where, upon a trial before the court without a jury, judgment was again rendered in plaintiff's favor for the amount sued for, from which judgment the defendant has prosecuted an appeal to this court. The record does not disclose what defenses, if any, were pleaded by the defendant in the justice court. In the county court it pleaded that the policy in question was obtained by the insured through fraud and misrepresentations, in that the answers of the insured to the questions in his application for insurance, which application constituted a part of the policy, were false, and were known to the insured to be false, and were made for the purpose of obtaining the policy and of defrauding the defendant. No exception was urged to this pleading.

[1, 2] Appellant by its first assignment of error complains that the court erred in rendering judgment for the plaintiff, for the reason that the policy sued on contains the provision that no obligation was assumed by the appellant company prior to its date, nor unless the insured should be alive and in sound health on the date of its delivery, and that uncontradicted evidence showed that on the date the policy was delivered the insured was not in good health. If, in fact, the policy contained such a provision, and if, in fact, the insured was not in sound health at the time of its delivery, this, if pleaded, would constitute a good defense to plaintiff's suit. Metropolitan Life Ins. Co. v. Betz, 44 Tex. Civ. App. 557, 99 S. W. 1140. But this defense, to be available to the defendant, must have been pleaded in the trial court, and, not having been pleaded there, it cannot be urged for the first time in the appellate court. The assignment, for this reason, must be overruled.

The second assignment complains of the action of the court in rendering judgment for plaintiff on the evidence adduced, for the reason that the insured, Leon Anderson, at the time of making application for insurance, was suffering from pulmonary tuberculosis, and so knew, but, when questioned, stated in his application that he did not have such disease; that such misrepresentation was material to the risk; and that therefore the court should have rendered judgment for the defendant.

On December 11, 1913, Leon Anderson applied to defendant for a policy of insurance upon his life. In his written application he made answers to questions, as follows:

"When last sick? Answer: No. What is the present condition of health? Answer: Good. Does any mental or physical defect exist? Answer: No. Has the life proposed ever suffered from consumption, etc.? Answer: No. State what disease. Answer: None."

The testimony shows without dispute that at the time the applicant made these answers he was suffering from pulmonary tuberculosis, or consumption. On this point Dr. W. L. Hoecker testified:

"I treated and attended Leon Anderson during his lifetime. I first treated Leon Anderson on the 24th day of November, 1913. He called at my office. I examined him, and found that he was suffering from pulmonary tuberculosis, a large cavity in his right lung. I told him at that time that he had a very bad lung. * * * I saw Leon Anderson again on the 1st day of December. I saw him no more until the 28th day of February, and again on March 2d, and he died on March 3d. He died of pulmonary tuberculosis."

On cross-examination he testified:

"In November I told the boy he had a bad lung. I saw him again in December and told him he had tuberculosis."

The policy sued on contained this provision:

"All statements made by the insured in the application herefor shall, in the absence of fraud, be deemed representations and not warranties."

This provision is required, by subdivision 4 of article 4741 of the Revised Statutes 1911, to be written in all policies of life insurance, and, no doubt, was written in the policy in question in obedience to the statute.

---

⚫═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

It is shown by the undisputed testimony that Leon Anderson was not in good health at the time he made his application for insurance, and that at said time he was afflicted with consumption, and it necessarily follows that his representations that he was then in good health and that he had never had consumption were false. It is further shown without contradiction that the appellant did not discover the falsity of the representations until after the death of the insured, and that it then promptly gave notice to the beneficiary that it refused to be bound by the contract of insurance. R. S. art. 4948.

Article 4947, Revised Statutes 1911, provides:

"Any provision in any contract or policy of insurance issued or contracted for in this state, which provides that the answers or statements made in the application for such contract, or in the contract of insurance, if untrue or false, shall render the contract or policy void or voidable, shall be of no effect, and shall not constitute any defense to any suit brought upon such contract, unless it be shown upon the trial thereof that the matter or thing misrepresented was material to the risk or actually contributed to the contingency or event on which said policy became due and payable, and whether it was material and so contributed in any case shall be a question of fact to be determined by the court or jury trying such case."

The undisputed evidence shows that the misrepresentation made by the insured was as to a "matter or thing" material to the risk, and actually contributed to the contingency or event on which said policy became due and payable," and the finding by the court trying the case to the contrary was not only without evidence to support it, but against the uncontradicted facts.

[3] But the policy provides that the statements made by the insured in his application should, in the absence of fraud, be deemed representations, and not warranties. It follows as a corollary, we think, that if a statement as to a material matter was fraudulently made, then such statement or representation was intended to be a warranty and should be so construed.

[4] If a warranty, it entered into and formed a part of the contract itself. It defined by way of particular stipulation and condition the precise limits of the obligation which the insurer undertook to assume, and no liability could arise except within these limits. If, however, the statement should be construed as a representation, then it was no part of the contract of insurance, but its relation to the contract was collateral. It preceded the written instrument, and was not necessarily merged in or waived by the subsequent writing. Representations made to the insurer before or at the time of making the contract are a presentation of the elements on which the risk to be assumed is to be estimated. They are the basis of the contract on the faith of which it is entered into, and, if false in any respect material to the risk, the contract will not take effect. 3 Cooley's Briefs Ins. p. 1931 et seq.

In the absence of the statute above quoted (article 4947), a warranty would be held to stipulate for the absolute truth of any statement made the falsity of any of which, regardless of their materiality to the risk, will avoid the contract (Id. p. 1950); but since the adoption of the statute warranties and representations seem to have been placed on the same level, and before the falsity of either shall be sufficient ground for avoiding the policy the thing warranted or represented must have been material to the risk or actually contribute to the contingency or event which rendered the policy payable.

[5] But where misrepresentation of a material fact is pleaded in defense by the insurer, to what extent is the insured excused by want of knowledge and good faith? In 1 May on Insurance, §§ 156, 181, the rule is stated to be that a misrepresentation, whether the result of intent or mistake in good faith, will avoid the policy. In 2 Joyce on Insurance, § 1884, the rule is stated to be that as to misrepresentations the statements must be made with an intent to deceive, or must be statements of something as positively true, without being known to be true, and at the same time' having a tendency to mislead or deceive, in both cases relating to material facts.

The rule stated in May on Insurance above referred to seems to have been somewhat qualified by the author, for in volume 1, § 81, he lays down the principle that a statement simply untrue is not a palpably fraudulent one, and that good faith is always sufficient, if the policy provides merely that the statements are true so far as is known to the applicant, or limits the effect of false statements to avoid the policy to those that are designedly false. But we think the better rule, and the one supported by the weight of authority, is as stated by Mr. Cooley in his Briefs on the Law of Insurance (volume 3, p. 1956), as follows:

"The rule may, indeed, be regarded as well established that, to avoid a policy for misrepresentation, the false statement must have been made willfully and with the intent to deceive, and must have been relied upon by the insurer."

And the author adds:

"It naturally follows that a misrepresentation, made innocently and in the belief that it is true, will not avoid the policy."

[6] Now we come back to the facts of this case. Leon Anderson made written application to the appellant for a policy of life insurance on December 11, 1913. Less than three weeks before that date he had consulted a physician, and had been examined and told that he had a very bad lung. Less than two weeks before that date he again consulted the same physician, and was told that he had tuberculosis; yet in his application for insurance he stated that he was in good health, and that he never had had consumption. It is too clear for argument that it was the condition of his health that caused him to consult the physician, and when, added

to this fact, he was told that he had a very bad lung and that he was afflicted with tuberculosis, it is inconceivable that he believed that his health was good when he stated it to be so in his application. But appellee argues, in effect, that the doctor did not explain to him what tuberculosis was, and that, although he had been told that he had tuberculosis, it did not follow that he knew he had consumption, and that answering as he did that he did not have consumption is no evidence that he answered in bad faith or with intent to deceive. We cannot believe that at this time, when the fight against the dread malady is world-wide, when campaigns of education have been conducted everywhere to instruct people as to danger of contracting it and the best methods for its avoidance, that an average 16 year old schoolboy, such as the insured was shown to be, when he was told by the physician he consulted that he had a very bad lung, and that he had tuberculosis, did not know that he was suffering from consumption. He at least knew that he was not in good health when he represented that he was. His statements in the regard mentioned were relied upon by the insurance company, and but for the misrepresentations the policy would not have been issued. "The matter or thing misrepresented was material to the risk or actually contributed to the contingency or event on which said policy became due and payable."

We think, therefore, that the judgment in favor of the plaintiff was erroneous and should be set aside, and that judgment should be here rendered for the appellant; and it has been so ordered.

Reversed and rendered.