ALBERT GALLANT *vs.* METROPOLITAN LIFE INSURANCE COMPANY.

Worcester.    September 29, 1896. — October 23, 1896.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Life Insurance — Condition that Insured must be " in sound Health " — Evidence.*

At the trial of an action on a policy of life insurance which contains a provision that no obligation is assumed by the company unless at the date of the policy the insured was "in sound health," the company may show that at that date he was not "in sound health," although the examining physician employed by the company to examine the insured had certified from his examination made a few days before the date of the policy that he was then "in sound health."

CONTRACT, upon a policy of insurance issued by the defendant on the life of Adaline Morelle, and payable to the plaintiff. Trial in the Superior Court, before *Sheldon,* J., who found for the defendant on the ground that the insured was not in sound health when the policy was issued, as required by its terms; and the plaintiff alleged exceptions.

*W. A. Gile,* for the plaintiff.

*F. P. Goulding,* (*F. L. Dean* with him,) for the defendant.

FIELD, C. J.    The policy, which is dated February 11, 1895, contained a proviso as follows: " Provided, however, that no obligation is assumed by this company prior to the date hereof, nor unless on said date the insured is alive and in sound health." An examining physician employed by the defendant company examined the insured on January 30, 1895, and on the 4th of the next February returned to the company a certificate that he found the insured to be in sound health. The defendant, against the objection of the plaintiff, was permitted to introduce the testimony of one Dr. Booth, to the effect " that he had attended the insured in 1893 for the grip ; that he had seen the insured in 1894, but had not been called to attend her in that year ; and that he had attended her in her last sickness in May, 1895 ; that in his opinion she was not in sound health when she was insured, in February, 1895." The plaintiff " asked the court to rule that the defendant company was bound by the examination made and reported by its agent, the examining physician," which the court refused to do, and the plaintiff excepted. There seems to have been no objection that Dr. Booth was not shown at the trial to be qualified to give the opinion he gave, or that he did not use the words in the same sense as they were used in the policy, but the sole contention is that the company was bound by the report of the examining physician whom it employed. The report relates to January 30, 1895, and the policy to February 11, 1895, and it is possible that the insured may have been in good health at the former time and not at the latter. But, apart from this, the examining physician was only the agent of the defendant to make the examination and report the result of it. He had no authority to make a contract of insurance for the company in which the results of his examination should be conclusively taken by the company to be true. The company made its own

contract, a part of which was that no obligation was assumed by the company unless at the time when the policy was issued the insured was "alive and in sound health." If in fact the insured at that time was not in sound health, the defendant is not liable on the policy, and this fact can be shown by any competent evidence. *Vose* v. *Eagle Ins. Co.* 6 Cush. 42. *McCoy* v. *Metropolitan Ins. Co.* 133 Mass. 82.                    *Exceptions overruled.*