ELIZABETH A. BARKER *vs.* METROPOLITAN LIFE
INSURANCE COMPANY.

Middlesex.    March 13, 14, 1905. — July 5, 1905.

Present: KNOWLTON, C. J., LATHROP, BARKER, & HAMMOND, JJ.

*Insurance, Life.*

If a policy of life insurance provides that no obligation is assumed by the company unless at the date of the policy "the insured is alive and in sound health," the company is not liable if the insured dies from a mortal disease which he had at the date of the policy although he then appeared to be in sound health, and in an action on the policy an instruction that the plaintiff only need show that the insured at the date of the policy was in the same condition of health that he was in on the day that he made his application and was examined is erroneous.

St. 1895, c. 271, now R. L. c. 118, § 21, relating to an "oral or written misrepresentation or warranty made in the negotiation of a contract or policy of insurance" has no application to a condition in the policy itself.

LATHROP, J.    This is an action of contract upon a policy of insurance in the sum of $500, upon the life of Blaney P. Barker, payable to his wife, the plaintiff in this action.    At the trial in the Superior Court, the jury returned a verdict for the plaintiff, and the case is before us on the defendant's exceptions.

The policy in question was issued on July 19, 1899.    On its face it purports to be " In consideration of the answers and statements contained in the application for this policy a copy of which is hereto annexed as a part of this contract, . . . all of which answers and statements are hereby made warranties." The application, questions and answers are on the third page of the policy, the answers being in writing and the rest in print. The policy is also made "subject to the conditions set forth on the third page hereof, each and all of which are hereby made part of this contract and are accepted by the insured and assured as part hereof as fully as if herein recited."    These conditions are printed.

The policy on the face contains the following clause : " No obligation is assumed by the company until the first premium has been paid nor prior to this date, nor unless upon this date the insured is alive and in sound health."

1. The first request for instructions is : " Upon all the evidence, the plaintiff cannot prevail, and the defendant is entitled to a verdict in its favor." It is contended by the defendant, in support of this proposition, that the insured had cystic disease of the kidneys at the time of the insurance, and that he died from that disease. The evidence is that at the time of the insurance, July 19, 1899, he appeared to be in good health ; that on the ninth of the next month he was taken ill ; that on the twenty-fourth of the same month, after a consultation with two physicians on the fourteenth, he was taken to the Framingham Hospital to be operated on ; that the operation took place the same day, and one kidney was found covered and filled with cysts ; that a radical operation was not deemed advisable, and only the large and superficial cysts were evacuated and the wound closed ; that on August 30, pneumonia developed and on September 4 he died. There was also evidence from experts that the condition of the kidney found on August 24 could not develop from a sound condition in less time than several months ; but there was evidence to the contrary, and this question was for the jury. *Emerson* v. *Metropolitan Ins. Co.* 185 Mass. 318, 320.

2. The second request for instructions was as follows : " If the insured, Blaney P. Barker, was not in sound health on the 19th day of July, 1899, the defendant is entitled to a verdict in its favor." The third request for instructions was as follows : " If on the 19th day of July, 1899, the insured, Blaney P. Barker, had cystic disease of the kidneys, or had cystic degeneration of the kidneys, or had tumors of the kidneys, he was not in sound health on that day, and the defendant is entitled to a verdict in its favor." The judge refused to give these instructions.

We are of opinion that these instructions should have been given, (unless these requests were covered by the charge,) as there was evidence in the case to sustain the allegations of fact contained in the requests.

The judge dealt with these requests in this manner : " One term of that contract, the last clause of the first page of the printed policy, is that no obligation is assumed by the company until the first premium has been paid in prior to this date, nor

unless upon this date the insured is alive and in sound health, this being dated the nineteenth day of July. So it is contended that it is necessary for the plaintiff, in order to recover, to show that Mr. Blaney P. Barker, on the nineteenth day of July, 1899, was in sound health; and I instruct you that you must be satisfied by a fair preponderance of the evidence that Blaney P. Barker, on the nineteenth day of July, 1899, was in the same condition of health that he was in on the day that he made his application and was examined; that that is the full extent to which this condition of the policy applies. In order to recover upon a contract which is itself made on condition, it is necessary that the condition should have been complied with; and so here, it is one of the conditions of that policy, without which it has no effect whatsoever, that Mr. Barker, the assured, should be in sound health when the policy was delivered; but, inasmuch as the company, by its own act, has made the representation, or warranty, of Mr. Barker in regard to the soundness of his health a warranty in the policy, I hold that it is not a condition except so far as I have already stated to you; it was a condition of that policy in effect, that Mr. Barker should have been in the same condition of sound health on the nineteenth day of July that he was on the day that he made his application and was examined by the physician. If any change occurred between those dates so that the condition of Mr. Blaney P. Barker was different when the policy was delivered from what it was at the time the corporation was acting in accepting the risk, then you should examine the policy in that respect and act accordingly. If you think, from a consideration of the evidence, that Mr. Barker's condition was [not] the same on the nineteenth day of July that it was when he was examined by the physician, when the application was made — that is, if the condition of Mr. Barker was not the same at the time they made the contract as it was when they decided to accept it, if you find that he was not in the same condition of sound health as he was when he was examined and made his application, then you would not have to go any further with the consideration of the case, but should return a verdict for the defendant."

The judge further in his charge reiterated this view of the law over and over again, and instructed the jury that "the law

now is that no representation made in the conditions or warranty in the policy of insurance by the assured, or in his behalf, would be deemed material, or void the policy to prevent its attaching, unless such representation or warranty is made with actual intent to deceive, or unless the matter would increase the risk of loss." The application for insurance contained the warranty: " I am now in sound health. I am not blind, deaf or dumb, nor have I any physical or mental defect or infirmity of any kind." But it contains also this clause: "And I further declare, warrant and agree that the representations and answers made above are strictly correct and wholly true ; that they shall form the basis and become part of the contract of insurance if one be issued, and that any untrue answers will render the policy null and void, and that said contract shall not be binding upon the company, unless upon its date and delivery the insured be alive and in sound health."

The statute in force at the time the policy of insurance was dated was the St. of 1895, c. 271, which is now the R. L. c. 118, § 21. This relates merely to an " oral or written misrepresentation or warranty made in the negotiation of a contract or policy of insurance." It has no relation to a condition in the policy itself.

The clause in the policy in question has been previously before the court. In *Gallant* v. *Metropolitan Ins. Co.* 167 Mass. 79, it was said by Chief Justice Field : " The company made its own contract, a part of which was that no obligation was assumed by the company unless at the time when the policy was issued the insured was ' alive and in sound health.' If in fact the insured at that time was not in sound health, the defendant is not liable on the policy, and this fact can be shown by any competent evidence."

In *Packard* v. *Metropolitan Ins. Co.* 72 N. H. 1, where the policy contained this clause, it was said by Mr. Justice Chase, after quoting the clause : " That they [the parties] had authority to limit the contract in this way cannot be doubted. *Dwight* v. *Insurance Co.* 103 N. Y. 341. The question to be considered arises upon this provision — not upon a representation or warranty made by the plaintiff in the application for insurance." And again : " No obligation was assumed by the defendants unless

the insured was alive and in sound health on the day of the date of the policy. The defendants' promise was not absolute, but conditional. The existence of life and sound health in the insured was a condition precedent to the promise of insurance."

The case of *Metropolitan Ins. Co.* v. *Howle*, 62 Ohio St. 204, is very similar to the case at bar. The plaintiff in error issued a policy, containing among other conditions one the same in substance as the one before us. There were also answers to interrogatories in relation to the health of the life insured, which it was contended were false. Section 3625 of the Revised Statutes of Ohio, provides as follows: "No answer to any interrogatory made by an applicant, in his or her application for a policy, shall bar the right to recover upon any policy issued upon such application, or be used in evidence upon any trial to recover upon such policy, unless it be clearly proved that such answer is willfully false and was fraudulently made, that it is material, and induced the company to issue the policy, and that but for such answer the policy would not have been issued; and, moreover, that the agent or company had no knowledge of the falsity or fraud of such answer." At the trial the original defendant requested the judge to instruct the jury as follows: "If you find that on the 30th day of November, 1894, the date of the policy, or when it was delivered to the plaintiff, Mrs. Sarah Howle [the life insured] was not in a state of sound health, you must find for the defendant." The judge refused to give this instruction, but instructed the jury as follows: "And if you find that on the 30th day of November, 1894 — the date of the policy, or when it was delivered to plaintiff, Mrs. Sarah Howle was not in a state of sound health, and knowing that she was not in sound health, gave answers to these questions or received this policy because of the fraudulent answers which she had given to these questions, you should find for the defendant." The case was carried by a writ of error to the Supreme Court, and it was there held that the charge was erroneous, and that the instructions requested should have been given. It was said by Mr. Justice Burket: "The condition in the policy is that there shall be no obligation assumed by the company, unless upon the date of the policy the insured, the wife, shall be alive and in sound health. The matter of life and sound health is not made to

depend upon her knowledge thereof, but upon the fact itself. . . . The court mixed the law as to the condition in the policy, with the law applicable to answers to interrogatories in the application, and thereby committed an error. False answers to interrogatories are governed by Section 3625, Revised Statutes, but that section has no application to conditions contained in the policy itself. The charge should have been given as requested."

The judge in the case at bar committed the same error. He mixed the law applicable to negotiations for a policy of insurance with the law applicable to a condition in the policy itself.

There are many other requests for rulings which we need not consider. For the reason stated the order must be

*Exceptions sustained.*

*G. W. Cox*, for the defendant.

*J. J. Shaughnessy*, for the plaintiff.