Mulberry street, in this city; but it was afterwards properly stricken out by the referee, and should never have been admitted at all. The only evidence, therefore, tending to prove any of the specific acts of adultery charged against the plaintiff in the answer was that respecting the alleged adultery in Kentucky in the year 1900, as to which the referee reported that the charge had not been sustained. If the learned justice denied the motion to confirm the referee's report because he deemed this finding unwarranted, we must construe his action as equivalent to a finding that the evidence established the plaintiff's guilt as to the adultery charged as having been committed in Kentucky in 1900. If this be the ground upon which the motion was denied, we still think that its denial was erroneous. The adultery was testified to by but a single witness, and his evidence bears the stamp of improbability upon its face, and is categorically denied by the plaintiff. Certainly the evidence was not such as would have justified a decree of divorce in favor of the defendant, and, if it was not, it did not suffice to establish a defense to plaintiff's action.

The order must be reversed, with $10 costs and disbursements and the motion granted, and the cause remitted to the Special Term for entry of an interlocutory decree. All concur.

---

CARMICHAEL v. JOHN HANCOCK MUT. LIFE INS. CO.

(Supreme Court, Appellate Division, First Department. December 7, 1906.)

INSURANCE—AVOIDANCE OF POLICY—CONDITIONS—HEALTH OF INSURED.

Recovery could not be had on a policy of life insurance issued to a person not in sound health on its date, where insured's application provided that such policy should not be binding on the company unless the applicant should be alive and in good and sound health at noon upon its date.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, §§ 681–690.]

Appeal from Appellate Term.

Action by Elizabeth Carmichael against the John Hancock Mutual Life Insurance Company. From a judgment of the Appellate Term (97 N. Y. Supp. 976) affirming a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before PATTERSON, INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Leonard J. Langbein, for appellant.
Nathaniel Levy, for respondent.

SCOTT, J. This is an action upon a life insurance policy upon the life of one John Carmichael, and the defense is that the assured made such false answers and warranties in his application as to invalidate the policy. The policy was issued on July 1, 1903, and was based upon an application signed by the deceased on June 7, 1903. He died on September 23, 1903, of hemorrhage induced by laryngeal cancer. The application in which the false answers and warranties are said to have been comprised consisted of a number of questions and the answers to

them, and a declaration, all of which were signed by the deceased. It is not denied that false answers are recorded to a number of the questions, but the plaintiff seeks to avoid the effect of these false answers by asserting that they were written in the application by the defendant's physician and agent, that they do not truthfully represent the answers made by the deceased to the several questions, and that said deceased, in so far as the said questions were propounded to him at all, answered them truthfully. The plaintiff, widow of deceased and beneficiary under the policy, testified that her husband had formerly been insured in defendant company under a policy issued December 24, 1902, and which had been permitted to lapse; that when he applied for the policy in suit the company's physician called and asked him why he had allowed his former policy to lapse, to which deceased replied that it was because he had been out of work on a strike; that the physician asked him if he had been ill since, to which deceased replied that he had had grippe and had consulted a doctor, whom he named. The physician then made an apparently superficial examination of deceased's physical condition, and then asked for the old policy, from which he copied the answers to the several questions constituting part of the application. Thereupon the deceased signed the application. The physician was not called as a witness, it appearing that he could not be found. The application, besides the questions and answers, comprised a declaration and warranty by the insured "that the representations and answers made herein are complete, strictly correct and true; that the several questions were duly asked, and that the answers given by me are truly recorded as above; that they shall form the basis and become part of this contract of insurance; that any false or untrue answers shall render the policy null and void; and that said policy shall not be binding upon the company unless at noon upon its date I shall be alive and in good and sound health." While, as has been said, it is not denied that the application contains a number of false answers to the questions, the plaintiff insists that as to these a false warranty has not been shown, because the answers were written by the agent of defendant, and not by the insured or his agent; that what answers were made to the agent were truthful, so that as to them defendant knew the truth, even if the opposite may have been written upon the application; that, as to the questions which were not put at all to the insured, but the answers were copied from some former policy, the defendant, by its agent, waived any answers by the insured, and cannot now take advantage either of its agent's failure to ask the questions, or of his inserting answers not made by the assured. The plaintiff relies, of course, upon Sternemann v. Met. Life Ins. Co., 170 N. Y. 13, 62 N. E. 763, 57 L. R. A. 318, 88 Am. St. Rep. 625, in which the facts bear some analogy to the facts in the present case. There are material differences, however. In the Sternemann Case it appeared, and was assumed as the basis of the decision, that the insured had given true and accurate answers to the physician's questions, and that he had no knowledge that his answers were incorrectly recorded. In the present case, according to plaintiff's testimony, the only question asked her husband was whether he had been ill since the issue of his former policy in December, 1902, and whether he had had a doctor. The insured replied that he had

been treated by Dr. O'Brien for the grippe, whereas it also appears by the same witness that the insured had twice been affected with violent bleeding from the nose, for which he had once been sent to a hospital, and also that he had received a cut on the head severe enough to necessitate the service of a surgeon. A full and truthful answer to the question which the company's physician concededly put would have disclosed these illnesses, and we cannot say that if they had been disclosed the company might not have refused to issue a policy at all. Furthermore, the application containing the false answers or a copy of it was attached to the policy when issued, and therefore the insured should have examined the policy before he accepted it, and if he had he would at once have seen that false answers had been written in response to several questions. But apart from any claim of false warranty, the policy by its own terms and by the express agreement of the assured never became operative. A part of the engagement by the insured with the company was that the policy should not be binding upon the defendant unless at noon upon its date (July 1, 1903) he should be alive and in good and sound health, and the same provision is incorporated among the conditions of the policy itself. No fact in the case was more satisfactorily proven than that the insured was not in sound health when the policy was issued to him. For these reasons the recovery cannot be justified by the Sternemann Case, or by any other authority to which our attention has been called. The trial justice correctly charged the jury as to the law applicable to the case, and the verdict was so obviously against the law and the evidence that it should have been set aside.

Judgment reversed and new trial granted, with costs to appellant to abide the event in this court and the court below. All concur.

Argued before McLAUGHLIN, PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.