## MICHIGAN MUTUAL LIFE INSURANCE COMPANY *v.* THOMPSON ET AL., BY NEXT FRIEND.

[No. 6,470.   Filed December 17, 1908.   Rehearing denied February
25, 1909.   Transfer denied June 24, 1909.]

1. PRINCIPAL AND AGENT.—*Undisputed Facts.—Question for Court.*
   —Where the facts are undisputed, the question whether a person
   is the agent of another is one for the court. p. 183.
2. PRINCIPAL AND AGENT.—*Local.—Power to Appoint Agent.—In*
   *surance.*—The local agent of an insurance company for a county
   has no implied power to appoint another as an agent of such company.  p. 183.
3. INSURANCE.—*Agents.—Of Assured.*—Where an insurance application is made to one company, through its local agent, and such
   application is rejected, such agent in trying to have the application accepted by another company, is the agent of the assured
   and not of the other company.  p. 183.
4. INSURANCE.—*Agents.—Of Company.*—So long as a local agent
   of an insurance company is transacting business on behalf of his
   company he is its agent, and not the agent of the assured.  p. 184.
5. INSURANCE.—*Delivery of Policy.—Necessity of.*—An insurance
   policy providing that it "shall not take effect  *  *  *  unless the
   insured is in good health at the time of its delivery," is invalid
   unless delivered.  p. 184.
6. INSURANCE.—*Application.—Policy.—Delivery While Assured is*
   *in Good Health.*—Where an insurance application provides that
   the policy to be issued shall not take effect "unless the insured is
   in good health at the time of its delivery," and the policy provides that it "shall not take effect  *  *  *  unless the insured
   is in good health at the time of its delivery to him," a policy
   issued by the company and received by its local agent on April
   14, but not delivered, is invalid, where assured was bitten by a
   spider on the same day, from the effects of which she subsequently died.  p. 184.
7. INSURANCE.—*Policy.—Delivery.—To Agent to Deliver to As*
   *sured.*—The receipt by an agent of an insurance policy to be
   delivered unconditionally to the assured constitutes a delivery to
   the assured, though such policy was never physically delivered to
   the assured.  p. 186.
8. INSURANCE.—*Policy.—Delivery to Agent.—Presumptions.*—Proof
   of delivery of an insurance policy by the company to its agent,
   the policy providing for a delivery to assured only upon payment
   of the premium, and only while assured is in good health, does

not show a delivery of the policy to the agent to be delivered unconditionally to the assured. p. 186.

From Superior Court of Vanderburgh County; *Alexander Gilchrist,* Judge.

Action by Clifton Thompson and others, by their next friend, against the Michigan Mutual Life Insurance Company. From a judgment for plaintiffs, defendant appeals. *Reversed.*

*John E. Iglehart, Edwin Taylor, E. H. Iglehart, George D. Heilman* and *A. H. Wilkinson,* for appellant.

*Thomas Van Buskirk, Lane B. Osborn, George K. Denton* and *Wiley & Jones,* for appellees.

COMSTOCK, P. J.—Appellees recovered judgment against appellant for $1,000, upon a policy of insurance on the life of Lulu Thompson, which policy was made payable to them.

The complaint is in one paragraph, and alleges that, with the exception of Charles Thompson, the appellees are infants, said Charles acting as next friend; that appellant on March —, 1900, issued its policy of insurance upon the life of Lulu Thompson in the sum of $1,000, payable to appellees, her children; that the premium was paid thereon, the policy delivered, and that the insured died April 21, 1900; that notice of death was given to appellant, and a request made for blanks for proofs of death, but the liability was denied; that appellees had performed all the conditions required by them to be performed, as had also the decedent in her lifetime; that the payment had been demanded and refused; that appellant had possession of the policy, and appellees were therefore unable to make the same a part of the complaint.

The action of the court in overruling appellant's motion for a new trial is the only error discussed.

The insufficiency of the evidence, the correctness of the verdict, the refusal of the court to give certain instructions requested, the giving of certain instructions on its own mo-

tion, and the misconduct of counsel for appellees in the argument to the jury, are reasons set out in said motion.

The validity of the policy depends upon two conditions: (1) Whether the first premium was paid to any agent of appellant authorized to receive it; (2) whether, at the time it was delivered to appellant's agent at Evansville, the insured was in good health.

The policy contained the following provision:

"This policy shall not take effect unless the first premium is paid in cash, or note for extension of time for such payment is accepted by the company at its home office at Detroit, Michigan, nor unless the insured is in good health at the time of its delivery to him."

In the application this condition is thus set out:

"It is hereby agreed that the policy shall not take effect unless the first premium is paid in cash to the company or its authorized agent, or a note for extension of time for such payment is accepted by the company at its home office in Detroit; nor unless the insured is in good health at the time of its delivery."

It appears from the evidence that one Veatch, the local agent of the Washington Life Insurance Company, at Evansville, Indiana, had written an application for Lulu Thompson to said company, which application had been rejected. Thereupon Veatch notified the husband of said Lulu Thompson that said application had been rejected, and told him that he could procure insurance in another company as good as the Washington Life Insurance Company, but that the premium would be a little more, and Thompson said: "Go ahead and get her in any good company." There·is evidence (contradicted) to show that Thompson had paid the premium on the application in the Washington Life Insurance Company, and, at the time of making the application in the appellant company, he paid to Veatch the additional amount necessary to make the premium in that company. The money so paid to Veatch was, at the request of said Thompson, repaid to him after the death of his wife—a part of it being

repaid by Veatch and a part by the state agent of the Washington Life Insurance Company. Veatch obtained from Tate, appellant's agent at Evansville, a blank application, which was filled out by the applicant, and to which Veatch signed his name, attesting the signature, and delivered the same to Tate, who forwarded it to the state agent at Indianapolis. The policy was issued and returned by mail to Tate at Evansville, and was received by him on April 14, about 4 o'clock in the afternoon, but was never delivered to the applicant. On the same evening, said Lulu Thompson was found to have been bitten by a spider, from the effects of which erysipelas developed, and she died some eight days later. Veatch was not engaged, either on salary or on commission, under said Tate. He had written some fire and accident insurance, for which Tate paid him part of the commission when the premium was paid. Veatch and Tate also exchanged· business. The application filled out by Mrs. Thompson was the only application to the Michigan Mutual Life Insurance Company asked for or given to said Veatch.

1. Whether, upon a given state of facts, a person is or is not an agent of another, is a question for the court. *Indiana Ins. Co.* v. *Hartwell* (1890), 123 Ind. 177, 193; *Indiana Ins. Co.* v. *Hartwell* (1885), 100 Ind. 566.

2. Tate, who resided at Evansville, was the local agent of the Michigan Mutual Life Insurance Company, for Vanderburgh county. He had no authority to appoint another as agent. *Mutual Life Ins. Co.* v. *Reynolds* (1906), 81 Ark. 202, 98 S. W. 963; 28 Cent. Dig., §118, title, Insurance.

3. Veatch was the agent of the insured in the procurement of said insurance, and in the payment of the premium. Had appellee Thompson paid the first premium, and the application had then been rejected, he could not have collected from the appellant company money paid to Veatch which it had not received, and of which it had no knowledge. Had the appellant received the money, or had

knowledge of its payment and acted upon the application, under the authorities cited by appellees it would have made Veatch its agent by ratification.

When Thompson told Veatch to "go ahead and get her in any good company," he made him his representative. When Veatch procured the application in question he was acting under the authority and in behalf of the applicant. He was acting for the Washington Life Insurance Company, of which company he was agent, up to the time of the rejection of the application by that company. *Hamblet* v. *City Ins. Co.* (1888), 36 Fed. 118; *Fame Ins. Co.* v. *Mann* (1879), 4 Ill. App. 485; *American Fire Ins. Co.* v. *Brooks* (1896), 83 Md. 22, 34 Atl. 373; *Duluth Nat. Bank* v. *Knoxville Fire Ins. Co.* (1886), 85 Tenn. 76, 1 S. W. 689; *Commonwealth, etc., Ins. Co.* v. *Knabe, etc., Mfg. Co.* (1898), 171 Mass. 265, 50 N. E. 516; *Bradley* v. *German-American Ins. Co.* (1901), 90 Mo. App. 369; *Criswell* v. *Riley* (1892), 5 Ind. App. 496; *Hartford Fire Ins. Co.* v. *Reynolds* (1877), 36 Mich. 502; *Maryland* v. *Royal Ins. Co.* (1872), 71 Pa. St. 393; *Pottsville Mut. Fire Ins. Co.* v. *Minnequa Springs, etc., Co.* (1882), 100 Pa. St. 137; *Wilber* v. *Williamsburgh City Fire Ins. Co.* (1890), 122 N. Y. 439, 25 N. E. 926.

Upon the undisputed facts, Veatch was the agent of the insured. But, even if he had been agent of appellant company, a delivery of the policy under the conditions named was still essential to its validity.

The applicant had no notice that the policy had been received by the appellant's agent at Evansville. No premium was ever paid to any agent or representative of appellant or note given therefor. Neither the company nor any of its agents knew that any money had been paid as first premium on said insurance policy, or that it was claimed to have been paid to any one, either authorized or not, as its agent to receive it.

The evidence shows that at the time the policy was received by Tate at Evansville, on April 14, 1900, Lulu Thomp-

son had been inoculated with poison by the bite of a spider upon her neck. The exact time when she received the bite was not shown. The serious nature of the illness occasioned thereby is evidenced by the fact that she was continuously sick from the time of said bite referred to in the evidence until her death.

Where the application contains a recital that the contract shall be completed only by delivery of the policy (*McCully's Admr.* v. *Phoenix, etc., Ins. Co.* [1881], 18 W. Va. 782), or that the policy shall not be in force until its delivery to the applicant (*Kohen* v. *Mutual, etc., Life Assn.* [1886], 28 Fed. 705), the contract will not become binding on the company until the policy is delivered (*McMaster* v. *New York Life Ins. Co.* [1899], 99 Fed. 856, 40 C. C. A. 119; *Union Cent. Life Ins. Co.* v. *Pauly* [1893], 8 Ind. App. 85). The rule just discussed is especially applicable where the policy provides that it shall not take effect unless it is delivered while the applicant is in good health. *Ray* v. *Security, etc., Ins. Co.* (1900), 126 N. C. 166; *Paine* v. *Pacific Mut. Life Ins. Co.* (1892), 51 Fed. 689, 2 C. C. A. 459; *Metropolitan Life Ins. Co.* v. *Howle* (1903), 68 Ohio St. 614, 621, 622, 68 N. E. 4; *Roblee* v. *Masonic Life Assn.* (1902), 77 N. Y. Supp. 1098; *Volker* v. *Metropolitan Life Ins. Co.* (1893), 21 N. Y. Supp. 456; *Misselhorn* v. *Mutual, etc., Life Assn.* (1888), 30 Mo. App. 589.

The policy was returned to the company by Tate, Veatch having had nothing to do with the matter after delivering the application to him. The reason given by Tate for its return was that Mrs. Thompson was in bad health, and that the first premium had not been paid. To have delivered the policy to the applicant upon its receipt, neither of these two conditions having been complied with, would have been in violation of the terms of the contract and against the rules of the company.

The receipt by an agent from his insurance company of a policy to be unconditionally delivered by him to the applicant

is, in law, tantamount to a delivery to the insured, though the agent never surrenders possession of the policy, and though its delivery to the applicant is by contract made essential to its validity. *Neff* v. *Metropolitan Life Ins. Co.* (1909), 39 Ind. App. 250, and cases cited; *Yonge* v. *Equitable, etc., Society* (1887), 30 Fed. 902; 1 May, Insurance (4th ed.), §60.

The facts in this case do not bring it within the rule. There could be no presumption, in the absence of evidence, that the principal had instructed its agent to deliver the policy without the payment of the first premium, or while the applicant was not in good health, in violation of the stipulations in the policy and the application.

Other alleged errors we do not deem necessary to pass upon.

The verdict is not sustained by the evidence. Judgment reversed, with instructions to sustain appellant's motion for a new trial.