CURETON, C. J. The opinion of the Commission of Appeals answering the certified question adopted, and ordered certified to the Court of Civil Appeals.

---

**WRIGHT v. FEDERAL LIFE INS. CO.***
(No. 387-3667.)

(Commission of Appeals of Texas, Section A.
Feb. 21, 1923.)

1. Insurance ⊙⇒136(4)—Stipulation that policy not effective unless delivered while insured in good health valid.

A stipulation in application for a life insurance policy which is made a part of the policy subsequently issued thereon that it shall not take effect unless it is actually delivered to insured during his life, and while he is in good health, is, except as forbidden by statute, valid and enforceable.

2. Insurance ⊙⇒136(4)—Statute providing that no settlement be made for less than amount insured effective only as to policy delivered while insured in good health.

Rev. St. art. 4742, subd. 3, providing that no policy of life insurance shall contain a provision for settlement at maturity for less value than the amount insured on the face thereof, applies to policies which have become effective

contracts between the parties, and have matured by reason of death of the insured, but has no application in determining whether the contract ever took effect by reason of ill health of insured at time of delivery of policy.

3. Insurance ⊙⇒515—Tender of premium paid on ineffective policy not attempt to settle for less than face of policy.

Where a policy of insurance had never become effective on account of insured's misrepresentations as to his health at the time of the application and receipt of the policy, in his beneficiary's action thereon, tender of the premium paid by the insured was not an attempt to settle for less than the face of the policy, but a recognition of insurer's equitable duty to restore consideration for a proposed contract which never in fact became effective.

4. Insurance ⊙⇒136(4)—Statutes held not to invalidate stipulation that policy sued on should not take effect unless insured was in good health at time of delivery.

Where application for life insurance contained provision that the policy should not take effect until delivery to insured during his life, and while in good health, and at the time of delivery of the policy insured was not in good health, it was no defense to beneficiary's action on the policy that the insurer did not, within a reasonable time after discovering that the insured was not in good health when the policy was delivered, give notice as required by Rev. St. art. 4948; such article being made inapplicable by article 4951, which provides that article 4948 shall not apply to policies containing a provision making them incontestable after two years provided premiums are paid.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Action by Mrs. E. Leo Wright against the Federal Life Insurance Company. Judgment for plaintiff was reversed and rendered for a limited sum by the Court of Civil Appeals (230 S. W. 795), and plaintiff brings error. Affirmed.

Carden, Starling, Carden, Hemphill & Wallace, of Dallas, for plaintiff in error.

Cockrell, Gray, McBride & O'Donnell, of Dallas, for defendant in error.

GALLAGHER, P. J. Mrs. E. Leo Wright sued the Federal Life Insurance Company on a policy of insurance on the life of her deceased husband, Robert W. Wright, in which policy she was beneficiary. The parties are designated as in the trial court. Among other defenses defendant pleaded that at the time the insured signed the application for said insurance, at the time he paid the premiums therefor, and at the time the policy was delivered to him he was afflicted with consumption, or tuberculosis of the lungs; that in answer to questions propounded to him in said application he stated in substance that he was in good

health, that he had never had consumption or any serious illness, that in the last five years he had consulted one physician, and that consultation was the week before, for a cold in the head; that all such answers were false, and fraudulently made for the purpose of securing the policy sued on. Defendant also pleaded that said application contained, among other provisions, the following:

"I agree that each and all of the statements and answers contained in this application, consisting of parts I and II, are full, true and complete in every respect, and are offered to said company as a consideration for a contract of insurance, which shall not take effect until the policy shall have been actually delivered to me and the first premium shall have been actually paid during my life and while I am in good health."

Defendant also pleaded that, by reason of the facts set out in its answer, no valid contract of insurance was ever effected, and tendered into court the premium paid by the insured.

Plaintiff, in a supplemental petition filed in reply thereto, admitted that insured had consumption at the time he signed said application, but alleged that he was ignorant of such fact, and made the answers complained of in good faith, and that he was in the same condition of health at the time the policy was delivered as when he signed such application.

There was a trial before a jury. In response to special issues the jury found that the insured at the time he signed the application did not know that he had consumption or tuberculosis of the lungs, and that his statement in said application that he had consulted a physician for "cold in the head" was not made willfully, nor with intent to deceive. Upon these findings the court entered judgment for plaintiff. The case was carried to the Court of Civil Appeals, and that court reversed the judgment of the trial court and rendered judgment for plaintiff for the premium paid, and for that sum only. 230 S. W. 795. Plaintiff applied to the Supreme Court for writ of error, alleging that the decision of the Court of Civil Appeals was in conflict with various decisions of that court and other courts, and especially with a prior decision of that court in the case of Insurance Co. v. Rowell (Tex. Civ. App.) 175 S. W. 170. The Supreme Court granted the writ applied for on the ground of conflicts in decisions.

The application was made on the 25th day of September, 1915; the policy was issued on the 9th day of October following, and subsequently delivered to the insured, but the time and circumstances of the delivery are not shown. The application contained the provision above quoted. The policy contained a provision that it, together with the application, constituted the entire contract, and that the statements of the insured in the absence of fraud should be deemed representations, and not warranties. It was by its terms incontestable after two years, except for nonpayment of premiums. A photographic copy of the application was attached thereto. The proof showed that in July, 1915, the insured was under the care of a physician, and at the request of such physician furnished a specimen of his sputum for examination by a specialist; that such examination disclosed the presence of tubercular baccilli therein; that insured was so advised by his physician, and further advised that he had consumption, or tuberculosis of the lungs, and that he continued under the treatment of such physician until after his application for the policy sued on. The proof further showed that he was in an advanced second stage of this disease at the time of said application, and that he continuously grew worse, and died therefrom on July 8, 1916.

The Court of Civil Appeals held that the evidence showed with such certainty that reasonable minds could not differ in the conclusion that the insured did know at the time the policy sued on was delivered to him that he had tuberculosis of the lungs. Said court further held from the admissions of plaintiff in her pleadings and from the uncontradicted evidence in the case that the insured had tuberculosis of the lungs when said policy was actually delivered to him; that by reason of said fact and the stipulation in the application above quoted said policy never took effect nor became a binding obligation against defendant. This holding is assigned as error in the application.

[1] A stipulation in an application for a policy of life insurance, which is made a part of the policy subsequently issued thereon, that such policy shall not take effect unless the same is actually delivered to the insured, during his life, and while he is in good health, is except as restrained or forbidden by some statute, valid and enforceable. If the insured is at the time of the delivery of such policy actually afflicted with a disease which continues and ultimately causes his death, according to the weight of authority, it is immaterial whether such condition existed at the date of his application or arose between that date and the delivery of the policy, or whether the insured knew his condition in that respect or not. In such cases such condition of health on the part of the insured at the time of the actual delivery of the policy is a defense to an action thereon, unless a valid waiver of such stipulation is shown. 14 R. C. L. p. 900, § 78; Mutual Life Ins. Co. v. Willey, 133 Md. 665, 106 Atl. 163; Murphy v. Metropolitan Life Ins. Co., 106 Minn. 112, 113, 118 N. W. 355; Metropolitan

Life Ins. Co. v. Betz, 44 Tex. Civ. App. 557, 99 S. W. 1140; Security Mutual Life Ins. Co. v. Calvert, 39 Tex. Civ. App. 382, 87 S. W. 889; American Nat. Ins. Co. v. Anderson (Tex. Civ. App.) 179 S. W. 66, 67; Logan v. New York Life Ins. Co., 107 Wash. 253, 181 Pac. 906; Gallant v. Metropolitan Life Ins. Co., 167 Mass. 79, 44 N. E. 1073; Barker v. Metropolitan Life Ins. Co., 188 Mass. 542, 74 N. E. 945; Gallop v. Royal Neighbors of America, 167 Mo. App. 85, 150 S. W. 1118; Michigan Mutual Life Ins. Co. v. Thompson, 44 Ind. App. 180, 86 N. E. 503, 505; Metropolitan Life Ins. Co. v. Willis, 37 Ind. App. 48, 76 N. E. 560, 561; Carmichael v. Hancock Mutual Life Ins. Co., 116 App. Div. 291, 101 N. Y. Supp. 602; Metropolitan Life Ins. Co. v. Howle, 62 Ohio St. 204, 56 N. E. 908; Id., 68 Ohio St. 614, 68 N. E. 4; Oliver v. Mutual Life Ins. Co., 97 Va. 134, 33 S. E. 536; Packard v. Metropolitan Life Ins. Co., 72 N. H. 1, 54 Atl. 287. We do not think that an issue of waiver is raised by the evidence in this case.

[2, 3] Plaintiff contends that insurance companies are prohibited from including in their policies such stipulations as the one under consideration by subdivision 3 of article 4742 of the Revised Statutes, and that such provision in the policy sued on is therefore illegal and void, and constitutes no defense to her claim. Said statute provides, in substance, that no policy of life insurance issued and delivered in this state shall contain a provision for any mode of settlement at maturity of less value than the amount insured on the face thereof, except in cases of death by suicide, or while following stated hazardous occupations. This statute by its terms applies only to provisions concerning the mode of settlement at the maturity of the policy. It applies to policies which have become effective contracts of insurance between the parties, and have matured by reason of the death of the insured. In such cases it controls any provision of the policy providing for settlement or discharge of the obligation of the insurer by the payment of any less sum than the face value of the policy except as therein permitted. First Texas State Insurance Co. v. Smalley, 111 Tex. 68, 228 S. W. 550. It has no application in determining whether the insurance contract ever took effect by reason of the failure of conditions which the parties mutually agreed should exist before it should become effective. It applies only to the settlement of the obligation imposed by a valid, existing contract. It has no application to a proposed contract which by its own terms never took effect. The construction of the statute contended for by plaintiff would prohibit a provision in a life insurance policy making it void for false representations concerning matters material to the risk made in securing such policy. The tender of the premium paid by the insured in this case was not an attempt to settle for less than the face of the policy. No such provision was contained therein. It was merely a recognition of defendant's equitable duty to restore what it had received in the course of negotiations for a proposed contract which had never in fact become effective.

[4] Plaintiff contends that the receipt and acceptance of a policy containing such a stipulation as the one under consideration should be construed as an implied representation by the insured that he is at that time in good health. She further contends that so construed said stipulation constitutes no defense to a suit on such a policy unless the insurer, within a reasonable time after discovering that the insured was not in good health when the policy was delivered, gives notice as required by article 4948 of the statutes that it refuses to be bound thereby. Articles 4947, 4948, and 4951 of the Revised Statutes are taken bodily from chapter 69 of the acts of the Twenty-Eighth Legislature (General Laws of Texas 1903, p. 94). By the express terms of said article 4951 none of said articles apply to policies containing a provision making the same incontestable after two years or less, provided premiums are paid. The policy sued on contains such a provision and complies with all the requirements prescribed by said article. None of said articles apply in determining the issues in this case. Blackstone v. Kansas City Life Ins. Co., 107 Tex. 102, 103, 104, 174 S. W. 821.

The Legislature in 1909 passed a comprehensive act regulating the business of life insurance in this state. General Laws of Texas 1909, p. 192. This act has been incorporated in Revised Statutes. Articles 4741 and 4959 were taken therefrom. Article 4741, among other things, requires all life insurance policies issued or delivered in this state to contain a provision that all statements made by the insured shall, in the absence of fraud, be deemed representations, and not warranties. Articles 4959 declares that a recovery on a life insurance policy shall never be defeated because of the misrepresentation of an immaterial fact which does not affect the risk assumed. If the receipt and acceptance of the policy by the insured in this case was an implied representation that he was at the time in good health, such implied representation was admittedly untrue, and indisputably material to the risk. Such being the case, said statutes in no way prohibit or invalidate the stipulation that the policy sued on should not take effect unless the insured was in good health at the time it was delivered. We do not wish to be understood as holding that the acceptance of a policy containing such a stipulation is to be construed merely as an implied representation by the insured that he is in

good health at the time, and not as a breach of a contractual provision preventing its taking effect under such condition. The decision of such question is not necessary to the disposition of this case; the following cases, however, hold contrary to plaintiff's contention: Logan v. New York Life Ins. Co., 107 Wash. 253, 261, 181 Pac. 906; Packard v. Ins. Co., 72 N. H. 1, 54 Atl. 287; Metropolitan Life Ins. Co. v. Howle, 62 Ohio, 204, 56 N. E. 908; Barker v. Metropolitan Life Ins. Co., 188 Mass. 542, 545, 74 N. E. 945; Murphy v. Metropolitan Life Ins. Co., 106 Minn. 112, 113, 118 N. W. 355; Carmichael v. John Hancock Mutual Life Ins. Co., 116 App. Div. 291, 101 N. Y. Supp. 602, 604; Perry v. Ins. Co., 150 N. C. 143, 145, 63 S. E. 679. and other authorities above cited.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.