## SOUTHERN SURETY CO. v. BENTON.
### (No. 740–4332.)

(Commission of Appeals of Texas, Section A. Feb. 10, 1926.)

1. **Insurance** ⬅136(4) — **Stipulation making health policy dependent on good health of insured at time policy delivered valid.**

Stipulation in application for health insurance made part of policy, that application does not effect contract, but that policy becomes effective, if delivered to insured while he is in good health, is valid.

2. **Insurance** ⬅136(4) — **No liability under health policy, delivery of which dependent on good health of insured, where insured afflicted with disease or infirmity at time of such delivery.**

Where stipulation in application for health policy made contract dependent on good health of insured at time of delivery of policy, and at time of delivery insured was afflicted with disease or bodily infirmity affecting his general health or materially increasing risk, no liability attached.

3. **Insurance** ⬅136(4)—**Statute held not applicable to defense based on stipulation making insurance contract dependent on insured's good health on delivery of policy (Rev. St. 1925, art. 5043).**

Defense that insurer is not liable under health policy by reason of stipulation in application making policy dependent on good health of insured at time of its delivery, because insured was in unsound physical condition, is distinct from defenses based on false representations contained in application, regulated by Rev. St. 1925, art. 5043, which statute has no application to defense in question.

4. **Insurance** ⬅141(1)—**Insured held to have had notice of agent's lack of authority to waive stipulation when mentioned in application.**

Where application for insurance provided that no agent or solicitor had authority to amend or waive any provision or requirement, insured, in executing application, had notice that soliciting agent had no authority to bind company by waiver of any stipulation.

5. **Insurance** ⬅141(1) — **Agent's knowledge held not to estop insurer from relying on stipulation as to delivery of policy during good health or constitute waiver thereof (Rev. St. 1911, art. 4961).**

Where application for a health policy provided that agents or solicitors had no authority to amend or waive provisions, *held*, that notwithstanding Rev. St. 1911, art. 4961, knowledge of soliciting agent of unsound physical condition of insured did not estop insurer from asserting defense, based on stipulation as to delivery during insured's good health, nor did such knowledge constitute waiver of stipulation by insurer.

6. **Insurance** ⬅141(4) — **Insured, failing to show excuse for failing to read application, cannot assert lack of knowledge of stipulation contained therein.**

Insured, failing to plead or prove any facts legally sufficient to excuse him from failing to read or know contents of application, cannot be heard to say that he did not know of stipulation in application when he signed it.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by Jonas A. Benton against the Southern Surety Company. Judgment for plaintiff was affirmed by the Court of Civil Appeals (267 S. W. 302), and defendant brings error. Judgment of both courts reversed, and judgment rendered for defendant.

Barrett & Barrett, of San Antonio, for plaintiff in error.

Carlos Bee and Douglas & Carter, all of San Antonio, for defendant in error.

HARVEY, P. J. The defendant in error, Jonas A. Benton, sued plaintiff in error, the Southern Surety Company, to recover on a health insurance policy, insured by the latter to defendant in error, described as "Business and Professional Men's Policy," for loss of time resulting from sickness alleged to be covered by the policy. Upon trial before a jury verdict was rendered for defendant in error, and judgment was entered accordingly. The case was appealed to the Court of Civil Appeals for the Fourth Dis-

trict, which court affirmed the judgment of the trial court. 267 S. W. 302.

Application for said policy was made by defendant in error on June 19, 1923, and the policy was thereafter issued on said application and delivered to Benton. On July 17, 1923, after issuance and delivery of the policy, Benton became ill from intestinal intoxication and was confined to his bed with said illness for a period of four months, during which time he was unable to follow his occupation or attend to any business. The said application was made in writing to the company through one of its soliciting agents, one J. Y. Harris. The undisputed proof shows that Benton had tuberculosis at the time he made such application, and also when said policy was delivered to him, and because thereof his health was materially unsound.

While testifying as a witness in his own behalf on the trial of this case, Benton admitted that, some four years previous to such application, he had been informed by a doctor, who examined him at that time, that he had tuberculosis, and he further admitted that he had been, during the preceding four years, and still was receiving compensation, from the United States government, as a disabled soldier. In said application, Benton stated, among other things, that, at the time of making same, he was "in sound condition, mentally and physically," and nothing appears in the application to indicate that he had tuberculosis or other physical ailment. Benton, in answer to a question contained in said application, which was duly executed by him, stated that he understood and agreed:

"That the signing of this application does not effect an insurance contract and that the insurance hereby applied for shall not become effective prior to the date and hour set forth in the policy actually issued by the company; such policy thereupon becoming effective if delivered to you (Benton) while you are in good health and free from the effects of any injury, disease or bodily infirmity."

When said policy was issued, the said application was incorporated therein and made part of it. The plaintiff in error, by its pleadings and by proper assignment of error, asserts that because of the above stipulation in the application, which was subsequently incorporated in the policy, no liability ever attached under the policy, since the undisputed proof shows that Benton was not, when the policy was delivered to him, in good health and free from the effects of any injury, disease, or bodily infirmity as provided in such stipulation. The defendant in error relies on estoppel and the waiver of such stipulation by plaintiff in error, because of the fact that the soliciting agent, Harris, was apprised of Benton's real physical condition by the said Benton at the time such application was made.

The case was submitted to the jury on special issues, and, among other things, the jury found that Benton was not in good health and was not free from the effects of any disease, at the time the policy was delivered to him. The jury also found, in effect, that the disease of tuberculosis did not cause or contribute to his sickness for which he seeks recovery herein, and that the soliciting agent, Harris, at the time of such application, knew that Benton had been classified as a tubercular, and was drawing compensation as a disabled soldier because thereof. But, in view of the conclusion we have reached herein, all the findings of the jury become immaterial. At the conclusion of the testimony and before the case was submitted to the jury, the plaintiff in error duly requested the court to instruct the jury peremptorily to return a verdict for plaintiff in error, which request was refused by the court, and plaintiff in error assigns such action of the court as error. We are of opinion that the trial court committed material error in thus refusing to instruct a verdict for plaintiff in error.

[1, 2] A stipulation in a written application for health insurance, which is made a part of the policy subsequently issued thereon, to the effect that such application does not effect an insurance contract, but the policy issued thereon shall become effective if delivered to the insured while he is in good health and free from any injury, disease, or bodily infirmity, is valid. In such a case, if, at the time the policy is delivered to the insured, the latter be afflicted with a disease or bodily infirmity of a substantial nature, which affects his general health, or which materially increases the risk to be assumed by the insurer, no liability attaches under the policy, and the insurer may defeat a recovery on the policy by pleading and proving such facts, unless he be shown to be estopped from urging such defense or to have waived such stipulation. Federal Life Ins. Co. v. Wright (Tex. Com. App.) 248 S. W. 325; Id. (Tex. Civ. App.) 230 S. W. 795; National Ins. Co. v. Anderson (Tex. Civ. App.) 179 S. W. 66; Metropolitan Life Insurance Co. v. Betz, 99 S. W. 1140, 44 Tex. Civ. App. 557, and authorities cited in these cases.

[3] The defense above mentioned is distinct from defenses based upon false representations contained in the application for insurance; which latter defenses are regulated by article 5043 of the Revised Civil Statutes of 1925, and the latter statute has no application to the defense which we are discussing.

The stipulation in question had effect to prevent the policy becoming effective as a contract, unless the insured were in the physical condition described in the stipulation when the policy was delivered; and, it being shown by the undisputed proof that Benton was not in such physical condition when the policy was delivered to him, the policy never became

effective as a contract, and no liability thereunder ever arose.

[4, 5] We shall now proceed to show that the plaintiff in error is not estopped from urging such defense, and has not waived same, by reason of the fact that its soliciting agent, Harris, was told of Benton's real physical condition when the application was made. The undisputed evidence shows that the authority of the soliciting agent, Harris, was limited by plaintiff in error to soliciting and receiving applications for insurance, and forwarding same to the company for its action thereon, and to delivering to the respective applicants such policies as might be issued by the company on the applications and forwarded to him for that purpose, and to collecting the initial premium thereon and forwarding same to the company. He had no authority from the company to make contracts for the company or to waive any stipulation or requirement of any application or policy. The application which was executed by Benton expressly provided:

"That no agent or solicitor of the company has authority to alter, amend or waive any policy or policy provision or requirement."

The plaintiff in error contends that because of these facts it cannot be estopped or be held to have waived the stipulation relating to Benton's good health, which we have mentioned above. In executing such application as he did, Benton had notice that Harris had no authority to bind the company by a waiver of any stipulation contained in such application or the policy of which it forms a part. Sovereign Camp, W. O. W. (Tex. Civ. App.) 174 S. W. 619, and authorities cited therein. In these circumstances, the knowledge of Harris of the unsound physical condition of Benton, if he, in fact, had such knowledge, cannot be imputed to the plaintiff in error for the purpose either of working an estoppel —and thereby prevent the latter from asserting a defense based on said stipulation relative to Benton's good health, etc., at the time of the delivery of the policy—or of establishing a waiver of such stipulation by the plaintiff in error. Fitzmaurice v. Mutual Life Ins. Co., 19 S. W. 301, 84 Tex. 61; Delaware Ins. Co. v. Harris, 64 S. W. 867, 26 Tex. Civ. App. 537 (writ denied); Texas State Mutual, etc., Co. v. Richbourg (Tex. Com. App.) 257 S. W. 1089; New York Life Ins. Co. v. Fletcher, 6 S. Ct. 837, 117 U. S. 519, 29 L. Ed. 934.

Article 4961 of the Revised Statutes of 1911, which was in force at the time of the transactions involved here and at the time of trial of this suit in the court below, was originally enacted by the Sixteenth Legislature (General Laws, Special Session of 1879, p. 32), and was incorporated in the Revised Statutes of 1905, as article 3093 thereof. This statute provides, in effect, that a soliciting agent for an insurance company, such as Harris was, who takes an application for insurance—

"shall be held to be the agent of the company for which the act is done, or the risk is taken, as far as it relates to all the liabilities, duties, requirements and penalties set forth in this chapter."

The provisions of this statute, under the circumstances of this case, did not have effect either to charge the insurance company with the knowledge of its soliciting agent concerning the unsound physical condition of Benton, or to estop the company, because of such knowledge of its soliciting agent, from relying on the stipulation which makes the contract dependent on the good health of the insured at the time the policy was delivered. Hartford Ins. Co. v. Walker, 61 S. W. 711, 94 Tex. 473.

[6] The defendant in error seeks to avoid the effect of the said stipulation upon which the plaintiff in error relies—as well as of the provision which limits the authority of the soliciting agent—on the ground that the defendant in error did not know that such stipulation and provision were contained in the application when he signed it. He fails to plead or prove any facts legally sufficient to excuse him for failing to read or know the contents of such application. Therefore he cannot be heard to say that he did not know of such stipulation and provision when he signed the application. Insurance Co. v. Holcomb, 34 S. W. 915, 89 Tex. 404; Morrison v. Insurance Co., 6 S. W. 605, 69 Tex. 353, 5 Am. St. Rep. 63; Fitzmaurice v. Life Ins. Co., supra.

On account of the error committed by the trial court in refusing to instruct the jury to return a verdict for the plaintiff in error, and to render judgment accordingly, we recommend that the judgment of the trial court and that of the Court of Civil Appeals herein be reversed, and that judgment be here rendered for plaintiff in error.

CURETON, C. J. Judgments of the county court and Court of Civil Appeals both reversed, and judgment rendered for the plaintiff in error.