## NATIONAL LIFE & ACCIDENT INS. CO. OF NASHVILLE, TENN. v. TAREE.
### (No. 2160.)

Court of Civil Appeals of Texas, El Paso.
June 21, 1928.

Rehearing Denied July 5, 1928.

**1. Insurance ⟐136(4)—Insurer held not to have assumed liability, except for return of premiums, in case assured was not in sound health on date of policy.**

Insurer under policy providing no obligation was assumed, except for return of premiums, unless insured was alive and in sound health on date of policy, did not assume any liability, except for return of premiums paid, if assured on date of policy was not in sound health.

**2. Insurance ⟐646(3)—Insurer had burden of proving that tumor on date of life policy was of such character that insured was not in sound health.**

Insurer, seeking to avoid liability on life insurance policy, on ground insured on date of policy was not in good health, had burden of establishing that tumor on date of policy was of such a character that insured could not be then considered to be in sound health.

**3. Insurance ⟐668(7)—Dangerous condition of tumor on date of life policy so as to preclude liability thereon held for jury.**

In action on life policy, wherein insurer sought to avoid liability, on ground insured on date of policy was not in sound health, evidence relative to dangerous condition of tumor on date of policy held such as to require its submission to jury.

**4. Insurance ⟐390—Insurer's failure to give notice of refusal to be bound by policy precluded consideration of issues relating to alleged misrepresentations in application (Rev. St. 1925, arts. 5044, 5049).**

Failure of insurer to give notice of refusal to be bound by policy, as required by Rev. St. 1925, art. 5044, precluded consideration of issues relating to alleged misrepresentations in application, notwithstanding incontestability clause of contract provided that, after expiration of two years, policy could still be contested for fraud, which is not the character of incontestability clause contemplated by article 5049.

**5. Evidence ⟐43(2)—File mark of amended petition need not be offered in evidence to show date of filing.**

File mark on amended petition showing date of filing, being a part of the record, speaks for itself without necessity of offering it in evidence to show date thereof.

**6. Insurance ⟐602—Attorney's fees and penalty held properly allowed under amended petition filed more than 30 days after demand for payment of policy.**

Court properly allowed attorney's fees and penalty against insurer, where amended petition asking for such fees and penalties showed that petition was filed more than 30 days after demand for payment of policy.

*On Rehearing.*

**7. Insurance ⟐400—Reservation of right to contest life policy for fraud after two years held invalid (Rev. St. 1925, art. 4732).**

Reservation in life policy of right to contest for fraud after two years *held* invalid and ineffective; Rev. St. 1925, art. 4732, as a matter of law being read into and becoming a part of policy.

Appeal from El Paso County Court at Law; J. M. Deaver, Judge.

Suit by Will Taree against the National Life & Accident Insurance Company of Nashville, Tenn. Judgment for plaintiff, and defendant appeals. Affirmed.

John M. Worrell and R. A. D. Morton, both of El Paso, for appellant.

Knollenberg & Cameron, of El Paso, for appellee.

HIGGINS, J. On December 2, 1925, Ozie Walker made written application to appellant for an insurance policy upon her life, naming appellee as beneficiary. On December 14, 1925, the policy was issued. The assured died on March 23, 1927.

This suit was brought by the beneficiary to recover the face of the policy in the sum of $234, and the statutory penalty and attorney's fees. Judgment was rendered as prayed for.

Questions 16 and 21 in the application read:

"(16) Are you in good health?"
"(21) Have you ever had * * * cancer? * * * If yes, give particulars."

16 was answered, "Yes;" 21, "No."

The application provides:

"I hereby apply for insurance for the amount herein named, and I declare that the answers to the above questions are complete and true. * * * I agree that said answers, with this declaration, shall form the basis of a contract of insurance between me and the National Life & Accident Insurance Company, and that the policy which may be granted by the company in pursuance of this application shall be accepted, subject to the conditions and agreements contained in such policy."

The policy issued contains this provision:

"No obligation is assumed by the company prior to the date hereof, nor unless on said date the insured is alive and in sound health. Should the proposed insured not be alive or not be in sound health on the date hereof, any amount paid to the company as premiums hereon shall be returned."

The incontestability clause reads:

"After this policy shall be in force for two full years from the date hereof, it shall be in-

contestable, except for nonpayment of premiums, fraud, or misstatement of age, subject to the restrictions as to military or naval service, as contained herein."

The defendant pleaded the quoted portions of the application and alleged it relied on the truth of the answers contained therein; that the answers to questions 16 and 21 were false, untrue, and incomplete, in that Ozie Walker was not in good health, but at the time had cancer or tumor of the uterus, and knew she had such cancer or tumor, and had received treatment therefor in the fall of 1925, prior to the application; that such answers were material to the risk, etc. It also pleaded the first-quoted provision of the policy and that on the date of the policy (December 14, 1925) the assured was not in sound health because she then had cancer or tumor of the uterus, which finally caused her death. The premiums which had been paid with interest were tendered the plaintiff.

In bar of recovery of the attorney's fees and 12 per cent. damages, it was pleaded that demand for payment was not made until June 14, 1927, and before payment was refused and before the expiration of 30 days thereafter the suit was filed on June 18, 1927.

Briefly, the issues submitted to the jury were:

(1) Whether Ozie Walker was in sound health on December 14, 1925.

(2) Whether she was afflicted with cancer on December 14, 1925.

(3) Whether demand was made on the defendant for the amount stipulated in the policy, and, if so, the approximate date of such demand.

(4) What was a reasonable fee for representing the plaintiff.

(5) Whether the representations made by Ozie Walker as to her health and physical condition were material.

(6) Whether the representations were such that defendant would not have written the policy had it known her true condition.

A. Whether Ozie Walker was in good health on December 2, 1925.

To which the jury answered: (1) "Yes." (2) "No." (3) "Yes." (4) "$150." (5) "Yes." (6) "No." A. "Yes."

[1] Under the quoted provision in the policy appellant would not be liable, except for return of the premiums paid, if the assured was not in sound health upon the date of the policy. Ins. Co. v. Betz, 44 Tex. Civ. App. 557, 99 S. W. 1140; Ins. Co. v. Crystal (Tex. Civ. App.) 272 S. W. 262; Wright v. Ins. Co. (Tex. Com. App.) 248 S. W. 325.

On May 22, 1926, or a day or two thereafter, Dr. Brown operated upon assured and removed a large abnormal ovarian tumor the size of an infant's head. A laboratory examination disclosed parts of the tumor to be cancerous. She died March 23, 1927, of cancer of the womb, which was a continuation of the cancerous tumor previously removed.

Appellant assigns error to the refusal of a peremptory instruction in its favor requested upon the theory that the undisputed evidence shows the assured was not in sound health upon December 14, 1925, the date of the policy.

Upon careful consideration of the testimony of the doctors testifying, the conclusion is reached that their testimony fails to show conclusively that she was not in sound health upon that date, or not in good health upon the date of the application.

It is quite clear they were unable to say definitely she was then cancerous. If it be assumed, as we think it should be, that their testimony conclusively shows she must have had the tumor on December 14, 1925, nevertheless they could not tell whether it was then malignant or not. Dr. White testified:

"A tumor is not a serious thing unless it becomes malignant. It is what we call benign."

Dr. Nixon examined assured some time in December, 1925. He testified:

"Where you have cancer of the uterus, you would look for the manifestations around the groin, about the liver, or some intestine of the stomach, but there was nothing like that with Mrs. Walker at the time I saw her. A cancer will grow fast on some and slow on others. * * * At the time I saw Mrs. Walker I pronounced it a cyst or tumor of the uterus. I did not have an idea of a cancer at that time. I had no idea of malignancy at that time."

[2, 3] It will serve no useful purpose to discuss the evidence at length. Conceding the assured must have had the tumor on the date of the policy, yet it may not have been of a dangerous type. The burden rested upon appellant to show it was of such a character that she could not be then considered to be in sound health, and, while we think the evidence tends strongly to support the view that she was then in a dangerous condition, and thus not in sound health, nevertheless the evidence as a whole does not show this to be true with that degree of conclusiveness which would justify the requested peremptory charge.

Upon this view of the effect of the evidence, it follows that propositions 1, 2, 4, and 5 should be and they are overruled.

Finding 6 is immaterial, in view of findings 1, 2, and A. Proposition 6, therefore, presents no error.

[4] Refusal of requested issues C and D present no error. If they had been given and answered in favor of appellant, it would not have affected the right of appellee to judgment. These issues related to alleged misrepresentations in the application, but appellant did not show that it gave notice of refusal to be bound by the policy as required by article 5044, R. S. In this connection ap-

pellant asserts article 5044 has no application because the policy contains a two-year incontestability clause. See article 5049, R. S., and Wright v. Federal Life Ins. Co. (Tex. Com. App.) 248 S. W. 325.

The incontestability clause of the present contract is not absolute after the expiration of two years. After the expiration of two years it may still be contested for fraud. This is not the character of incontestability clause contemplated by article 5049. That article refers to a clause of absolute incontestability.

The point made by proposition 7 presents no error in view of the allegation in the answer that demand was made June 14, 1927.

[5] The file mark upon the amended petition shows it was filed December 2, 1927. This file mark is a part of the record and speaks for itself. It was unnecessary to offer it in evidence. Ry. Co. v. Speights, 94 Tex. 350, 60 S. W. 659; Bauman v. Chambers, 91 Tex. 108, 41 S. W. 471.

[6] It being admitted in the answer that demand for payment of the policy was made June 14, 1927, and the file mark upon the amended petition asking for attorney's fees and penalties showing that such petition was filed December 2, 1927, the court properly allowed such fees and penalty. Ins. Co. v. White (Tex. Civ. App.) 188 S. W. 266; Illinois Bankers' Life Ass'n v. Dodson (Tex. Civ. App.) 189 S. W. 992.

Affirmed.

### On Rehearing.

It is asserted we erred in holding the burden rested upon appellant to show the assured was not in sound health upon the date of the policy. This ruling is in accord with Southern Surety Co. v. Benton (Tex. Com. App.) 280 S. W. 551.

[7] It is further asserted we erred in holding that the incontestability clause of the policy was not of the character that would relieve appellant from complying with article 5044, R. S. Appellant's contention in this connection is that perforce of article 4732 (3), R. S., the policy was not contestable for fraud after the lapse of two years from its date; that article 4732 (3), as a matter of law, was read into and became a part of the policy, and therefore appellant was under no duty to give the notice required by article 5044.

It is true the reservation of the right to contest for fraud after two years was invalid and ineffective (American, etc., v. Tabor, 111 Tex. 155, 230 S. W. 397); but this does not alter the fact that the contract by its terms reserved the right to contest for fraud after the lapse of two years from the policy date and attempted to do what is forbidden by article 4732 (3). We therefore adhere to the view that such an incontestability clause in an insurance policy is not the kind contemplated by article 5049. Therefore article 5044 was applicable.

Nor did we err in the state of the pleadings in holding that it was unnecessary to prove that demand for payment was made June 14, 1927 (Adams v. Williams, 112 Tex. 469, 248 S. W. 673; Ogden & Johnson v. Bosse, 86 Tex. 336, 24 S. W. 798); but whether this view be correct or not is immaterial, for it was proven that demand for payment was made by letter from appellee's attorneys of date June 14, 1927.

Overruled.