## GUARDIAN LIFE INS. CO. OF TEXAS v. JOHNSON.

### No. 6045.

Court of Civil Appeals of Texas. Texarkana.

April 28, 1943.

Rehearing Denied May 6, 1943.

994

Chrestman, Brundidge, Fountain, Elliott & Bateman, of Dallas, for appellant.

Guinn & Guinn, of Rusk, for appellee.

JOHNSON, Chief Justice.

This suit was brought by appellee, Samuel J. Thomas Johnson, on an insurance policy issued by appellant, Guardian Life Insurance Company of Texas, on the life of Alton A. Johnson, in which appellee was named beneficiary. The case was submitted to the court upon an agreed statement of facts, in accordance with Rule 263, Texas Rules of Civil Procedure. Judgment was entered awarding recovery on the policy. The trial court filed his conclusions of law.

The agreed facts in substance show that on December 8, 1941, Alton A. Johnson, a soldier in the United States Army, executed an application to appellant for policy of life insurance in the sum of $1,000, upon the 20-year endowment plan, in which premiums of $4.16 per month were to be paid monthly in advance, beginning January 1, 1942, by allotment of that amount of insured's pay as a soldier. The application provided: "I hereby agree that there shall be no liability hereunder until a policy be issued and manually delivered to me and accepted by me while in good health and the first premium thereon actually paid, during my lifetime." The application was received by appellant at its Home Office on December 10, 1941, and the policy was issued on December 11, 1941. A copy of the application was attached to the policy. On December 22, 1941, appellant, through its authorized agent, selected Sgt. Lunsford to deliver the policy together with a "conditional" receipt which accompanied the policy, for the first premium of $4.16; the receipt and the policy to be delivered to insured upon his payment of $4.16 in cash and the execution and delivery in duplicate of "Form 3, Authorization for Allotment of Pay," to appellant out of the insured's pay as a soldier of the sum of $4.16 per month, commencing January 1, 1942, and expiring August 9, 1943. On December 23, 1941, the insured executed and delivered the allotment of pay and at the same time "paid in cash out of his pocket the sum of $4.16." Whereupon the policy and conditional receipt for the $4.16 were delivered to him. At that time the insured was in good health.

The conditional receipt issued by appellant for the $4.16 collected at the time of delivery of the policy reads as follows:

"Conditional Receipt.

"No other Form of Receipt for Advance Payment of Amount of Premium will be Recognized by the Company.

"Received of Alton A. Johnson who has applied to the Guardian Life Insurance Co Dallas, Texas for $1000.00 insurance on the 20 yr end Plan, the sum of Four & 16/100 Dollars, the amount of the first premium on such policy; the said payment being made subject to the terms and conditions of agreement as shown on the reverse side hereon.

"E. H. Lee, Agent

"Ft. Sam.
"(Place)
"1-1-42.
"Jany, 1, 1942.

"This receipt is not valid for more than the total amount of the first premium."

Reverse side:

"Extracts from Application.

"I hereby agree * * * that there shall be no liability hereunder until a policy shall be issued and manually delivered to me and accepted by me while in good health, and the first premium thereon actually paid during my lifetime, provided, however, that if said premium is paid in full to said Company's agent at the time of making this application, and if the Company at its Home Office in Dallas, Texas, shall issue a Policy on the plan applied for herein, then the insurance (subject to the provisions of the policy applied for) shall be effective from date of my application.

"If no policy is issued on the application to which this receipt was attached, the settlement acknowledged hereby will be returned."

The policy so delivered provided as follows: "The Guardian Life Insurance Company of Texas has caused this policy to be executed at its office in the City of Dallas, Texas, as of the 1st day of January, A. D. 1942, the date on which it becomes effective and from which date the anniversary of the policy shall be determined."

On December 25, 1941, the insured received an injury in an automobile accident from which he died December 28, 1941. On January 7, 1942, appellant was duly notified of the occurrence of the insured's death on December 28, 1941. On January 9, 1942, appellant mailed the blanks for making proof of loss. January 21, 1942, appellee filed with appellant proof of loss on the forms furnished by it, together with proof of the interest of claimant, and requested payment of the amount of the policy. February 20, 1942, appellant denied liability. Copies of the application, policy, conditional receipt, and allotment of pay referred to are attached to and made a part of the agreed statement of facts.

As support for its contention that the insurance was not in force at the time of insured's death, appellant relies on the provision of the policy providing that it shall become effective as of January 1, 1942.

As support for his contention that appellant waived and is estopped to invoke the provision relied upon by it, and that the policy became effective on manual delivery, and the risk thereupon attached as of the date of the application, appellee relies upon the above quoted provision of the application and conditional receipt, and the fact that appellant at the time, December 23, 1941, demanded and received from the insured $4.16 in cash (same being the amount of a monthly premium) and the execution and delivery by insured of the allotment of his pay whereby appellant would receive the additional sums of $4.16 per month beginning January 1, 1942, and continuing during the term of the allotment.

 Ordinarily a policy of insurance, like any other contract, becomes effective upon the date of its completion, unless otherwise stipulated. The effective date may be postponed beyond the date of completion to some future date named in the contract, when so provided. And the effective date may, in fact, be changed and postponed beyond such future date named in the contract as the effective date, by further providing that no liability shall attach until the policy has been manually delivered while the insured is in good health, and the first premium paid in advance. Southern Surety Co. v. Benton, Tex.Com.App., 280 S.W. 551; 24 T.J. 732, Sec. 48. But such provisions postponing effective date of the contract beyond the date of its completion may be waived or the company may be estopped to rely thereon. 24 T. J. 684 and 694. Do the facts here presented give rise to the issues of waiver and estoppel on the part of appellant by its conduct in demanding and receiving, upon delivery of the policy on December 23, 1941, the sum of $4.16 in cash, being one month's premium, and the allotment of insured's pay authorizing appellant to collect a like sum beginning January 1, 1942, and each month thereafter for the duration of the allotment? In support of the trial court's judgment, we believe the question must be answered in the affirmative. Both issues of waiver and estoppel are here based upon a valuable consideration. There is nothing in the agreed statement of facts showing that appellant's collection and retention of the $4.16 was by accident, mistake or without authority. The agreed facts do not raise an inference, and no contention is made, that any insurance would have been extended or that insured would receive any benefit from the $4.16, unless it was intended to be applied as the premium for the month of December 1941, thus making

the insurance effective from the date of the application, as indicated in the conditional receipt issued therefor.

It is contended that the conditional receipt, since it was not attached to and expressly made a part of the policy, was not admissible against appellant for any purpose, as being a violation of Vernon's Civil Statutes, Article 5050, which provides that the policy and application shall constitute the entire contract. The contention is not sustained. Southland Life Ins. Co. v. Hopkins, Tex.Com.App., 244 S.W. 989, and authorities there cited.

The judgment of the trial court will be affirmed.